IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MDG ENTERPRISES, INC.                                               PLAINTIFF

v.                          Case No. 6:14-cv-06136

GREAT AMERICAN
INSURANCE COMPANY                                                   DEFENDANT

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Great American Insurance Company's ("GAIC")'s Motion to Exclude Expert Testimony of Nick Scurra for Failure to Comply with Court Order. ECF No. 35. Defendant filed this Motion on June 29, 2015. *Id.* On July 6, 2015, Plaintiff responded to this Motion. ECF No. 37. This Motion is now ripe for consideration.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Robert T. Dawson referred this Motion to this Court for the purpose of making a report and recommendation. In accordance with that referral, this Court recommends GAIC's Motion (ECF No. 35) be **GRANTED.**

**1.    Background:**

This is the third time this issue has been before the Court. On April 28, 2015, GAIC was forced to file its original motion to compel because Plaintiff had not supplied complete expert disclosures. ECF No. 11. Thereafter, Plaintiff responded but provided no valid reason for its delay. ECF No. 13. Thus, the Court granted this motion to compel and ordered Plaintiff to provide "all outstanding disclosure requests and to supply all required disclosures by **Wednesday, May 20,**

1

**2015.**" ECF No. 14 (emphasis in the original).

Despite this direct order, Plaintiff still did not comply with its discovery obligations. Notably, Plaintiff did not supply and still has not supplied all of its expert disclosures for Nick Scurra. Notably, Plaintiff still has not provided an expert report for Nick Scurra.

Thus, on May 28, 2015, GAIC was forced to file a motion to exclude the expert testimony of Nick Scurra because Plaintiff had not supplied all of its expert disclosures for this expert. *See* ECF No. 18. The Court held a hearing on this motion on June 15, 2015. ECF No. 30. At that hearing, Plaintiff admitted his expert disclosures for Nick Scurra were untimely. Indeed, Plaintiff's expert disclosures were due by March 25, 2015 and still had not been produced as of the date of the hearing or as of June 15, 2015. Plaintiff, however, claimed at this hearing that his delay had not prejudiced GAIC because GAIC had been aware of the identity of Nick Scurra for a long period of time and trial in this matter was not set until September 21, 2015.

Giving benefit of the doubt to Plaintiff, the Court denied GAIC's motion to exclude. The Court, however, gave Plaintiff a short window to comply with its discovery obligations and required Plaintiff to provide all expert disclosures required under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure by "**June 26, 2015**." At the hearing in this matter, the Court also warned Plaintiff that if it did not comply with *this* deadline, the Court would likely grant a subsequent GAIC's motion to exclude the testimony of Nick Scurra.

Two days before the deadline of June 26, 2015, Plaintiff requested yet another extension. ECF No. 32. Because of Plaintiff's repeated delays, the Court denied this Motion. ECF No. 33. Again, on the deadline of June 26, 2015, Plaintiff filed a second motion to extend.[1] This motion was

---

[1] This Motion was denied by separate order.

also denied.

GAIC has now filed this its third motion directed at Plaintiff's failure to comply with its discovery obligations. *See* ECF No. 35. In this Motion, GAIC requests Nick Scurra be excluded from testifying as an expert witness in this matter because Plaintiff has not supplied all of the required expert disclosures under Rule 26(a)(2)(B). *Id.* Plaintiff has responded to this Motion. ECF No. 37. In this response, Plaintiff claims Nick Scurra attempted to comply with the deadline of June 26, 2015; but his sister-in-law died unexpectedly, and he was unable to prepare a written report. *Id.* Thus, Plaintiff claims this delay should be excused. *Id.*

**2.     Applicable Law:**

Pursuant to Rule 37(b)(2)(A), a federal court has wide authority to sanction a party for not obeying a discovery order. These sanctions may include the following: (1) "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims"; (2) "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence"; (3) "striking pleadings in whole or in part"; (4) "staying further proceedings until the order is obeyed"; (5) "dismissing the action or proceeding in whole or in part"; (6) "rendering a default judgment against the disobedient party"; and (7) "treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."

A district court's imposition of sanctions is reviewed on an abuse of discretion standard giving "substantial deference to the district court's determination as to whether sanctions are warranted because of its familiarity with the case and counsel involved." *Meyer v. U.S. Bank Nat. Ass'n,* 2015 WL 4069933, at *3 (8th Cir. July 6, 2015) (quoting *Willhite v. Collins,* 459 F.3d 866,

869 (8th Cir. 2006)).

3. **Discussion:**

Because this is the third time this issue has come before the Court and because the Court *twice* compelled Plaintiff to provide the requested expert disclosures and this information has still not been provided, the Court finds Plaintiff's failure cannot be excused.

4. **Conclusion:**

Thus, the Court recommends GAIC's Motion to Exclude Expert Testimony of Nick Scurra for Failure to Comply with Court Order (ECF No. 35) be **GRANTED**, and Nick Scurra be precluded from testifying as an expert witness in this matter.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

ENTERED this 13th day of July 2015.

/s/   Barry A. Bryant  
HON. BARRY A. BRYANT  
U.S. MAGISTRATE JUDGE

4