IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MDG ENTERPRISES, INC.                                                                                            PLAINTIFF

v.                                        Case No. 6:14-cv-06136

GREAT AMERICAN
INSURANCE COMPANY                                                                                             DEFENDANT

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Great American Insurance Company's ("GAIC")'s Motion to Exclude Plaintiff's Untimely Disclosed Witnesses. ECF No. 42. Defendant filed this Motion on July 17, 2015. *Id.* On July 27, 2015, Plaintiff responded to this Motion. ECF No. 49. This Motion is now ripe for consideration.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Robert T. Dawson referred this Motion to this Court for the purpose of making a report and recommendation. In accordance with that referral, this Court recommends GAIC's Motion (ECF No. 42) be **GRANTED.**

**1.     Background:**

Plaintiff has repeatedly failed to comply with its discovery obligations. *See* ECF No. 39. The Court outlined these failures in a prior report and recommendation, and those findings will also be considered in the current report and recommendation. *See id.* It is worth noting, however, that the Court previously compelled Plaintiff to supply responses to all outstanding discovery requests by May 20, 2015. ECF No. 14. This included initial disclosures. *See id.*

GAIC filed this Motion on July 17, 2015. ECF No. 42. With this Motion, GAIC claims Plaintiff waited until the discovery cut-off deadline of July 13, 2015 to supply six additional fact witnesses. ECF No. 42. With this disclosure, Plaintiff only included the names, most of the cities where those witnesses could be located, and one address. *See* ECF No. 42-1. Plaintiff did not include any other information related to those six individuals. *Id.*

Plaintiff responded to GAIC's Motion on July 27, 2015. ECF No. 49. In its response, Plaintiff claims these six additional witness were timely disclosed because they were disclosed on the discovery deadline. *Id.* Plaintiff also claims it has not "intentionally tried to violate the Court's Scheduling Order" by failing to disclose these witnesses earlier. *Id.* Plaintiff claims it has been diligent in locating its witnesses, and GAIC is not prejudiced by its delay in disclosing these witnesses. *Id.*

**2.   Applicable Law:**

Pursuant to Rule 37(b)(2)(A), a federal court has wide authority to sanction a party for not obeying a discovery order. These sanctions may include the following: (1) "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims"; (2) "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence"; (3) "striking pleadings in whole or in part"; (4) "staying further proceedings until the order is obeyed"; (5) "dismissing the action or proceeding in whole or in part"; (6) "rendering a default judgment against the disobedient party"; and (7) "treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."

A district court's imposition of sanctions is reviewed on an abuse of discretion standard

giving "substantial deference to the district court's determination as to whether sanctions are warranted because of its familiarity with the case and counsel involved." *Meyer v. U.S. Bank Nat. Ass'n,* 2015 WL 4069933, at *3 (8th Cir. July 6, 2015) (quoting *Willhite v. Collins,* 459 F.3d 866, 869 (8th Cir. 2006)).

**3.     Discussion:**

The discovery deadline in this matter was July 13, 2015. ECF No. 24. This date has already passed. Despite this discovery deadline, Plaintiff waited until this exact date of July 13, 2015 to notify GAIC of six additional fact witnesses. ECF No. 42-1. In this supplementation, Plaintiff only provided the names, some cities, and one address of those witnesses: (1) Robert Fuentes, Dallas, Texas; (2) Megaenus Davis, Hot Springs, Arkansas; (3) Matt Rodgers, 104 Ball Street, Hot Springs, Arkansas; (4) Dustin Huckaby, Hot Springs, Arkansas; (5) Gregg Kellog; and (6) Doug Trundle, Hot Springs, Arkansas. *Id.* Plaintiff provided this minimal information despite the fact GAIC requested "the name, *address and telephone number* of all witnesses you intend to call at the trial of this matter." ECF No. 42-1 at 1 (emphasis added).

Further, and even more importantly, under Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure, Plaintiff was required to provide this information related to persons with knowledge of relevant facts as a part of its initial disclosures. In addition, Plaintiff was required to supply the subject matter upon which these individuals have personal knowledge. This provision of Rule 26 requires Plaintiff to provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information–*along with the subjects of that information*." (emphasis added). As of this date, Plaintiff still has not supplied the subject matter of these fact witnesses's personal knowledge.

The Parties agreed to an initial disclosure deadline of February 3, 2015.  This date was six months ago.  The Court also entered an order compelling Plaintiff to provide all initial disclosures by May 20, 2015.  ECF No. 14.  This was over two months ago.

Clearly, based upon these findings, Plaintiff did not timely provided its initial disclosures, still has not supplied the information required under Rule 26, and has offered no excuse for its delay.

**4.     Conclusion:**

Thus, the Court recommends GAIC's Motion to Exclude Plaintiff's Untimely Disclosed Witnesses (ECF No. 42) be **GRANTED.**  Because of their untimely disclosure, Plaintiff should be precluded from calling (1) Robert Fuentes; (2) Megaenus Davis; (3) Matt Rodgers; (4) Dustin Huckaby; (5) Gregg Kellog; and (6) Doug Trundle as fact witnesses in this matter.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 3rd day of August 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE